IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MARILYN DOUGLAS**
**6543 Buckland Court**
**Fort Washington, MD 20744**

    **Plaintiff,**

    v.                                                            Civil No.: 07-835 (RCL)

**PAUL A. QUANDER, Director**                JURY TRIAL REQUESTED
**Court Services and Offender Supervision**
**Agency for the District of Columbia**
**633 Indiana Avenue, NW**
**Washington, DC 20004-2902**

    **Defendant.**

## CIVIL COMPLAINT

**NOW COMES** Plaintiff, Marilyn Douglas, by and through undersigned counsel, for the purpose of filing this civil complaint:

### JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended by the 1991 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, hereinafter "Title VII;" the Rehabilitation Act of 1973 Sections 501 and 505, hereinafter "the Rehabilitation Act."

2. This action properly lies in the District Court for the District of Columbia because this judicial district has personal jurisdiction over Defendant. This action is also in accordance with 28 U.S.C. 1331.

[1]

## PARTIES

3. Plaintiff, Marilyn Douglas is a citizen of the United States and resides in the State of Maryland.

4. In accordance with the Rehabilitation Act, she is disabled upon her condition: Treatment Resistant Depression and Bi-Polar Mood Disorder; and, Hearing Impaired.

5. Defendant, Paul A. Quander, is Director of the U.S. Court Services and Offender Supervision Agency for the District of Columbia, a federal agency, which is subject to the provisions of Title VII and the Rehabilitation Act.

## ADMINISTRATIVE PROCEDURES

6. Plaintiff timely initiated her discrimination complaint against the Defendant with its Equal Employment Opportunity (EEO) Office on November 19, 2003. The date of final interview was on March 12, 2004.

7. Plaintiff received her Final Agency Decision on February 8, 2007. Plaintiff therefore invokes her right to sue under 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 626 in that she has satisfied all administrative and judicial prerequisites to the institution of this action.

## COUNT I
## <u>VIOLATION OF THE REHABILITATION ACT</u>

8. Plaintiff re-alleges the allegations of Paragraphs 1 through 7, and incorporates them by reference herein.

9. Plaintiff was denied a reasonable accommodation of TTY from Defendant to assist with her duties and responsibilities as a Community Supervision Officer.

10. Plaintiff avers that she was authorized to receive training in the area of improving the proficiency of her performance

11. Plaintiff avers that her immediate supervisor failed to train her or to provide training for her.

12. Plaintiff avers that other similarly-situated, non-disabled individuals were afforded training by her immediate supervisor while Plaintiff was denied said training.

13. Plaintiff avers that her immediate supervisor would impose additional duties and responsibilities upon her for the sole reason to disrupt her training opportunities.

14. Plaintiff avers that concurrently, her immediate supervisor would scrutinize her work performance on matters that she would have received instruction from the training sessions.

15. As a result, Plaintiff would have to cancel the scheduled training sessions.

16. Plaintiff avers that she was charged LWOP by her immediate supervisor.

17. Plaintiff avers that her disability was a factor in Defendant's decision to take the aforementioned actions against her.

18. As a result of the above-stated actions, Plaintiff suffered severe and emotional distress including, but not limited to, insomnia, loss of appetite, depression, anxiety, embarrassment, humiliation, symptoms of physical illness, despair, anger and loss of faith in her employer.

## COUNT II

### RETALIATION IN VIOLATION OF TITLE VII AND THE REHABILITATION ACT

19. Plaintiff re-alleges the allegations of Paragraphs 1 through 18, and incorporates them by reference herein.

20. Plaintiff engaged in statutorily protected activity when she initiated a discrimination complaint against Defendant regarding discriminatory treatment.

21. Plaintiff avers that she was retaliated against when she was placed on administrative leave for a period in excess of three (3) months as a result of having

[3]

engaged in protected activity.

22. Plaintiff avers that she was retaliated against when she was suspended for fourteen (14) days as a result of having engaged in protected activity.

23. Plaintiff avers that there was a causal link between the protected activity and the adverse actions she suffered.

24. Plaintiff avers that she was entitled to engage in protected activity without the adverse employment actions instituted against her by Defendant.

25. As a result of the above-stated actions, Plaintiff suffered severe and emotional distress including, but not limited to, insomnia, loss of appetite, depression, anxiety, embarrassment, humiliation, symptoms of physical illness, despair, anger and loss of faith in her employer.

### COUNT III
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE REHABILITATION ACT

26. Plaintiff re-alleges the allegations of Paragraphs 1 through 25, and incorporates them by reference herein.

27. Plaintiff avers that she suffered from a hostile work environment in that she was harassed by her immediate supervisor when she was denied a transfer and reassignment away from her supervision.

28. Plaintiff avers that on November 18, 2003, she was threatened and harassed by her immediate supervisor when she was told she would be killed and beat her "like you never been beaten before."

[4]

29. Plaintiff avers that the incident could have been avoided since she sought the intervention of management to reassign and transfer her away from her supervisor, but her requests were summarily denied.

30. Plaintiff avers that the incident was deliberately provoked by her immediate supervisor who was fully aware of Plaintiff's sensibilities related to her disability, Treatment Resistant Depression and Bi-Polar Mood Disorder condition.

31. Plaintiff avers that her immediate supervisor would refer to her as, "Ms. Information," in the presence of her colleagues and scrutinize her dress appearance. Plaintiff was humiliated and embarrassed as a result of the reference to her by her supervisor.

32. Plaintiff avers that such hostile work environment was severe and pervasive, such that it altered the terms, conditions and benefits of her employment.

33. Plaintiff avers that Defendant was aware of the treatment of hostile behavior toward her and Defendant should be held vicariously liable for his agents engaged in the course of conduct described in the allegation of this complaint while acting in the course, scope and furtherance of their agency and employment relationship with Defendant.

34. As a result of the above-stated actions, Plaintiff suffered severe and emotional distress including, but not limited to, insomnia, loss of appetite, depression, anxiety, embarrassment, humiliation, symptoms of physical illness, despair, anger and loss of faith in her employer.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court should grant her the following relief, namely:

(i). That this Court determine the employment practices complained of in this complaint are unlawful in that they violated Title VII and the Rehabilitation Act;

(ii). That Plaintiff receives reinstatement for the two (2) week suspension she suffered as a result of the illegal practices;

(iii). That Defendant pay Plaintiff a sum in excess of $35,000 for compensatory damages, backpay, interests, emotional distress;

(iv). That Defendant pay Plaintiff's costs and expenses and reasonable attorney's fees as provided in Title VII and the Rehabilitation Act in connection with this action;

(v). That this Court grant other and such further relief to the Plaintiff as it deems just and proper.

Respectfully submitted on behalf of Plaintiff:

May 3, 2007

_____
Nathaniel D. Johnson (Federal #14729 MD)
NATHANIEL D. JOHNSON & ASSOCIATES, L.L.C.
3475 Leonardtown Road, Suite 200
Waldorf, Maryland  20602
301-645-9103
301-893-6890 fax

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

Case 1:07-cv-00835-RCL   Document 1-2   Filed 05/04/2007   Page 1 of 2

07-835 RCL

**I (a) PLAINTIFFS**

Marilyn Douglas

**DEFENDANTS**

Paul Quander

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Nathaniel D. Johnson
3475 Leonardtown Road, Suite 200
Waldorf, MD 20602
301 645-9103

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-00835
Assigned To : Lamberth, Royce C.
Assign. Date : 5/4/2007
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⦿ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*   OR   ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ◉ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII of the 1964 Civil Rights Act and Rehabilitation Act

**VII. REQUESTED IN COMPLAINT** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** 35,000   Check YES only if demanded in complaint   **JURY DEMAND:** YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form

**DATE** May 3, 2007   **SIGNATURE OF ATTORNEY OF RECORD** [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

   IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

   VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

