UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARILYN DOUGLAS | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No.: 07-0835 (RCL) |
| PAUL A. QUANDER, | ) | |
| Defendant | ) | |

**DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES**

Pursuant to Fed. R. Civ. P. 37(a), Defendant respectfully moves the Court for an order compelling Plaintiff to respond to Defendant's First Set of Interrogatories and Request for Production of Documents.

Counsel for Defendant contacted Plaintiff's counsel by telephone on Monday, July 21, 2008 and left a voice mail message and contacted him by e-mail on Wednesday, July 23, 2008. Counsel for Plaintiff consented to the Motion for an Enlargement of Time filed simultaneously with this motion, but failed to address the motion to compel or advise if and when answers to discovery would be forthcoming.

In support of this motion, Defendant refers the Court to the attached Memorandum and Proposed Order.

Respectfully Submitted,


  /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


  /s/
DIANE M. SULLIVAN, D.C. BAR #427872
Assistant United States Attorney
Judiciary Center Bldg.
555 Fourth Street, NW, E4919
Washington, D.C. 20530
(202) 514-7205

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN DOUGLAS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No.: 07-0835 (RCL) |
| ) | |
| PAUL A. QUANDER, ) | |
| ) | |
| Defendant ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO COMPEL DISCOVERY RESPONSES**

**Introduction**

Plaintiff's failure to respond to Defendant's interrogatories and requests for production of documents has persisted throughout these proceedings. The Defendant has provided Plaintiff ample opportunity to respond to Defendant's legitimate discovery requests. For the reasons elaborated below, the Court should issue an order compelling Plaintiff to answer Defendant's interrogatories and requests for production of documents forthwith and to extend discovery to permit the deposition of the plaintiff and her supervisor after Plaintiff responds to Defendant's discovery requests.

**Argument**

On May 4, 2007, Plaintiff filed a complaint in the District Court for the District of Columbia alleging claims of discrimination on the basis of disability, hostile work environment, and unlawful retaliation by her supervisor, Karen Ferguson, (R. 1, Complaint).

Plaintiff was served with written discovery in November 2007, roughly seven months

ago.  Plaintiff has yet to comply with her obligation under the Federal Rules of Civil Procedure to respond to  interrogatories and request for production of documents.  The parties initially agreed to conclude discovery by March 1, 2008.  At the Plaintiff's request, Defendant first readily agreed to postpone the completion of discovery until June 2, 2008, because the Plaintiff had major surgery and her counsel had a "demanding schedule," (R. 9).  Plaintiff then filed another consent motion for an enlargement entitled "Final Consent Motion for an Enlargement of Time," requesting that the discovery period should extend until August 2, 2008, (R. 10).  Defense Counsel agreed to this motion as well, but filed a responsive pleading to inform the Court that the explanation for the delay by Plaintiff in this motion was incomplete, (R. 11). Although Plaintiff correctly advised the Court that discovery was extended because depositions had not taken place, Plaintiff neglected to advise the Court that Plaintiff had not yet answered the written discovery propounded by the Defendant.  The Defendant appropriately observed that Plaintiff had not responded to the written discovery and that the depositions should be scheduled after plaintiff responded.

     Now, as the August 2nd discovery cut-off deadline approaches, Plaintiff's dilatory conduct continues.  The deposition of the Plaintiff was not scheduled because Defendant has yet to receive responses to the now ancient interrogatories and request for production of documents.  Hence, the Defendant seeks to compel Plaintiff to respond to discovery by a date certain before depositions are taken.  Defendant also moves to extend discovery for the purpose of taking Plaintiff's deposition. Although the Plaintiff has ignored the written discovery propounded over seven months ago, preventing the Defendant from going forward with depositions, she nevertheless recently sought to depose Karen Ferguson, her former supervisor, on either July 30,

2008 or July 31, 2008. However, those dates conflict with Ms. Ferguson's long standing vacation plans. Ms. Ferguson will be on vacation from July 30, 2008 through August 15, 2008. The Defendant is prepared to make Ms. Ferguson available after she returns from vacation and Plaintiff has responded to the Defendant's discovery requests.

Rule 37(a) allows for a party to move for a court order compelling discovery taken under Rule 33 and 34 when a party fails to comply with such discovery requests. Despite repeated efforts on the part of Defendant to extend time to accommodate Plaintiff, she has still failed to respond. This is an appropriate case for the Court to exercise its powers under Rule 37 to compel the Plaintiff to answer Defendant's discovery requests by a date certain. Moreover, it is unreasonable to permit the Plaintiff to proceed with the deposition of Ms. Ferguson in the absence of any evidence of Plaintiff's good faith effort to meet her obligations under the Federal Rules of Civil Procedure.

## Conclusion

For the foregoing reasons, the Court should compel Plaintiff to provide complete responses to Defendant's Interrogatories and Request for Production of Documents on or before August 5, 2008.

Respectfully Submitted,


   /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


   /s/
DIANE M. SULLIVAN, D.C. BAR #427872
Assistant United States Attorney
Judiciary Center Bldg.
555 Fourth Street, NW, E4919
Washington, D.C. 20530
(202) 514-7205

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| MARILYN DOUGLAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No.: 07-0835 (RCL) |
| | ) | |
| PAUL A. QUANDER, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

**ORDER**

Upon consideration of Defendant's Motion to Compel Discovery Responses, Plaintiffs' Opposition thereto, and the entire record herein, it is this _____ day of _____, 2008,

ORDERED that Defendant's Motion to Compel Discovery Responses be and is hereby GRANTED; it is

FURTHER ORDERED that Plaintiff shall provide responses to Defendant's First Set of Interrogatories and Request for Production of Documents on or before August 5th, 2008.

SO ORDERED.

_____
U.S. District Judge